UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| TYRONE SMITH, | : | |
|---|---|---|
| Petitioner, | : | Civ. No. 13-3750 (KM) |
| v. | : | **OPINION** |
| BEVERLY HASTINGS, | : | |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Tyrone Smith, is a state prisoner currently incarcerated at East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Smith received a sentence of fifty-nine years' imprisonment after being convicted of sexual assault and other crimes on July 14, 2003. Currently pending before the Court is Respondent's motion to transfer this action to the United States Court of Appeals for the Third Circuit. For the following reasons, Respondent's motion will be denied. The Clerk will be ordered to re-docket the habeas petition as a motion to amend the petition in Mr. Smith's other pending habeas case, Civ. No. 10-1097.

## II. PROCEDURAL BACKGROUND

Mr. Smith filed a federal habeas petition in this Court on March 2, 2010. (*See* Civ. No. 10-1097.) That petition, which attacks his July 14, 2003 state court judgment of conviction, is currently pending.

1

On June 17, 2013, this Court received this federal habeas petition. It was docketed under a separate and new number, Civ. No. 13-3750. This petition also attacks Mr. Smith's July 14, 2003 state court judgment and conviction.

On November 7, 2013, Respondent filed a motion to transfer this case to the United States Court of Appeals for the Third Circuit. Respondent replies that Mr. Smith's petition in this case constitutes a second or successive habeas petition and that Mr. Smith must first receive authorization from the Third Circuit to file it in this Court.

### III. DISCUSSION

#### A. Motion to Transfer

Section 2244(b)(3)(A) of Title 28 states, that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Relying on this statutory provision, Respondent argues that the habeas petition in this case is a second or successive petition, because petitioner's first habeas petition in Civ. No. 10-1097 is still pending.

"[F]or a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that 'counts' as the first. A petition that has reached *final* decision counts for this purpose.'" *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (quoting *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001)) (emphasis in original). Mr. Smith's prior habeas petition, Civ. No. 10-1097, has not reached a final decision and is still pending. Mr. Smith's first habeas petition has not yet been completed. Accordingly, Mr. Smith's habeas petition in this case is not a "second or successive" petition.

Respondent's motion to transfer this case to the United States Court of Appeals for the Third Circuit will therefore be denied.

B. <u>Re-Docketing of Mr. Smith's Habeas Petition as a Motion to amend in Civ. No. 10-1097</u>

Where a *pro se* petitioner files a habeas petition while a prior habeas petition attacking the same judgment and conviction remains pending, a court will construe the newly filed habeas petition, not as a second or successive habeas petition, but as a motion to amend the previously filed and still pending habeas petition. *See Ching*, 298 F.3d at 177 ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion to as a motion to amend the pending § 2255 motion.") (citation omitted); *see also Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (finding that district court should have construed *pro se* habeas petition as a motion to amend pending habeas petition); *Motley v. Rapelje*, No. 10-13132, 2011 WL 4905610, at *1 (E.D. Mich. Oct. 13, 2011) ("If a *pro se* habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.") (citations omitted).

Mr. Smith's prior habeas petition in Civ. No. 10-1097 is still pending. The Court will therefore order the Clerk to re-docket this habeas petition, Civ. No. 13-3750, as a motion to amend the petition in that earlier case. The Clerk will also be ordered to dismiss this habeas petition, Civ. No. 13-3750.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to transfer will be denied. The Clerk will be ordered to re-docket the habeas petition in this case as a motion to amend the habeas petition in Civ. No. 10-1097, and to dismiss this habeas petition, Civ. No. 13-3750. An appropriate order will be entered.

Dated: November 14, 2013

_____
KEVIN MCNULTY
United States District Judge